**WEBBER MCGILL LLC**
Douglas J. McGill, Esq.
100 E. Hanover Avenue, Suite 401
Cedar Knolls, New Jersey 07927
Tel: (973) 739-9559
dmcgill@webbermcgill.com
*Attorneys for Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>298 William EO LLC,<br><br>     Debtor-in-Possession. | Chapter 11<br><br>Case No. 24-16836 (VFP) |

**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**

Debtor/Plan Proponent 298 WILLIAM EO LLC respectfully submits this Plan of Reorganization pursuant to chapter 11 of title 11 of the United States Code, in the form annexed hereto and made a part hereof.

          298 WILLIAM EO LLC

          By: PL MM ROC LLC, Managing Member

         By: /s/ *Thomas J. Caleca*
            Thomas J. Caleca, Sole Member

Dated: July 25, 2025

# TABLE OF CONTENTS

I. INTRODUCTION/OVERVIEW OF PLAN ................................................................................. 1
II. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ……………………..1
    A. General Overview ................................................................................................... 1
    B. Definitions ............................................................................................................... 2
    C. Unclassified Claims.................................................................................................. 7
        1. Administrative Expenses and Fees  ...................................................................... 7
        2. Priority Tax Claims .............................................................................................. 8
    D. Classified Claims and Interests ............................................................................... 8
        1. Classes of Secured Claims  .................................................................................. 8
        2. Priority Non-Tax Claims ................................................................................... 10
        3. Class of General Unsecured Claims .................................................................. 11
        4. Class of Contingent Claims for Return of Security Deposits  ........................... 11
        5. Class(es) of Interest Holders ............................................................................. 12
    E. Acceptance or Rejection of Plan ............................................................................ 12
    F. Means of Effectuating the Plan............................................................................... 12
        1. Initial Funding ................................................................................................... 12
        2. Continued Operations  ....................................................................................... 13
        3. Disbursing Agent  .............................................................................................. 12
III. TREATMENT OF MISCELLANEOUS ITEMS ……………………………………………….12
    A. Executory Contracts and Unexpired Leases ......................................................... 12
    B. Changes in Rates Subject to Regulatory Commission Approval .......................... 13
    C. Retention of Jurisdiction ........................................................................................ 14
    D. Procedures for Resolving Contested Claims......................................................... 15
    E. Notices under the Plan........................................................................................... 16
V. EFFECT OF CONFIRMATION OF PLAN    ………………………………………….. ….. .. 16
    A. Binding Effect/Retention of Equity Interests …………………………………      …... 16
    B. Discharge............................................................................................................... 16
    C. Release of Claims.................................................................................................. 17
    D. Revesting of Property in the Debtor...................................................................... 17
    E. Modification of Plan.............................................................................................. 17
    F. Post-Confirmation Conversion/Dismissal ............................................................. 17
    G. Post-Confirmation Quarterly Fees ........................................................................ 18

I.  **INTRODUCTION/OVERVIEW OF PLAN**

298 William EO LLC (the "Debtor") is the debtor-in-possession in the instant bankruptcy case. On July 11, 2024, the Debtor commenced a bankruptcy case by filing a voluntary chapter 11 petition under the United States Bankruptcy Code (the "Bankruptcy Code"), 11 U.S.C. § 101 et seq. This document is the chapter 11 plan ("Plan") proposed by the Debtor.

The Debtor owns the real property and improvements thereon commonly known as 298 William Street in East Orange, New Jersey (the "Property"). The Property is substantially the Debtor's sole asset. The Plan calls for the Debtor to receive an infusion of cash sufficient to cure arrearages and reinstate the mortgage loan which the Property secures.

II.  **CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

A.  **General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

1

B.  **Definitions**

**Scope of Definitions**.  For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this section of the Plan.  In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

1.  **Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expense of operating the business of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor during the bankruptcy case, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of any Debtor under chapter 123, title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponent in connection with its bankruptcy case.

2.  **Allowed** when used as an adjective preceding the words "Claim" or "Claims" shall mean any Claim against the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim against such Debtor, or, if no proof of claim is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order.  Unless otherwise specified in the Plan, "Allowed Claim" shall not, for purposes of

2

computation of distributions under the Plan, include interest on the amount of such Claim from and after the Petition Date.

3. **Allowed Administrative Expense** shall mean any Administrative Expense allowed under Section 507(a)(1) of the Bankruptcy Code.

4. **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

5. **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in title 11 of the United States Code.

6. **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of New Jersey having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. Section 158, the unit of such District Court constituted pursuant to 28 U.S.C. Section 151.

7. **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

8. **Business Day** means and refers to any day except Saturday, Sunday, and any other day on which commercial banks in New Jersey are authorized by law to close.

9. **Chapter 11 Case** shall the chapter 11 case of the Debtor pending at case number 24-16836 (VFP).

10. **Claim** shall mean any right to payment from the Debtor's estate whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtors whether

3

or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11. **Class** shall mean a grouping of substantially similar Claims for common treatment thereof pursuant to the terms of this Plan.

12. **Code** shall mean title 11 of the United States Code, otherwise known as the Bankruptcy Code.

13. **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

14. **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

15. **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

16. **Creditor** shall mean any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of any kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code. This includes all persons, corporations, partnerships, or business entities holding claims against the Debtor.

17. **Debt** means, refers to and shall have the same meaning ascribed to it in section 101(12) of the Code.

18. **Debtor** shall mean 298 William EO LLC.

19. **Disbursing Agent** shall mean the Reorganized Debtor or any party appointed by and subject to Court approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims pursuant to the provisions of the Plan and Confirmation Order.

4

20. **Effective Date** shall mean the first day of first calendar month after the month in which the Confirmation Order is entered.

21. **Final Order** shall mean an order of the Bankruptcy Court of a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

22. **Impaired** when used as an adjective preceding the words "Class of Claims" shall mean that the Plan alters the legal, equitable, or contractual rights of the member(s) of that class.

23. **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

24. **Petition Date** shall mean July 11, 2024.

25. **Plan** shall mean the Plan of Reorganization filed in these Proceedings, together with any additional modifications and amendments.

26. **Priority Non-Tax Claim** shall mean a Claim entitled to priority under sections 507(a)(2), (3), (4), (5), (6), or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

27. **Priority Tax Creditor** shall mean a Creditor holding a priority tax claim.

28. **Priority Tax Claim** shall mean any Claim entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

29. **Proceedings** shall mean Chapter 11 Case of the Debtor.

30. **Professional Persons** means and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under Sections 327, 328, 330, or 503(b) of the Bankruptcy Code.

31. **Professional Claim** means and refers to a claim by any and all professionals as provided for in Sections 327, 328, 330, and 503(b) of the Bankruptcy Code.

32. **Property** means the real property and any improvements thereon commonly known as 210 Springdale Avenue in East Orange, New Jersey.

33. **Reorganized Debtor** means the Debtor after confirmation of the Plan.

34. **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor has an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with Section 506(a) of the Bankruptcy Code.

35. **Unsecured Claim** shall mean any claim against the Debtor which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date and which is not (i) a secured claim pursuant to Section 506 of the Bankruptcy Code, as modified by Section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under Sections 503 or 507 of the Bankruptcy Code. "Unsecured Claim" shall include all Claims against the Debtor that are not expressly otherwise dealt with in the Plan.

36. **Other Definitions**, a term used and not defined herein but that is defined in the Bankruptcy Code, shall have the meaning set forth therein. The words "herein", "hereof", "hereto", "hereunder", and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. Moreover, some terms defined herein are defined in the section in which they are used.

6

    C.    **Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has <u>not</u> placed the following claims in a class. The treatment of these claims is provided below.

    1.    **Administrative Expenses and Fees**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 503(b). Fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee were also incurred during the Chapter 11 Case. The Code requires that all administrative expenses be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtors' unpaid administrative fees and expenses an estimate of future professional fees and other administrative claims and fees and their treatment the Plan:

| NAME | AMOUNT ESTIMATED | TREATMENT | TYPE OF CLAIM |
|---|---|---|---|
| Webber McGill LLC (exclusive of prepetition retainer) | $12,000 | Payment in full on later of Effective Date or entry of order allowing fees | Administrative |
| The Meglio Group, P.C. | $5,400 | Payment in full on later of Effective Date or entry of order allowing fees | Administrative |
| Office of U.S. Trustee Fees | $1,000 | Payment in full on Effective Date | Administrative |
| **TOTAL** | **$18,400** | | |

7

Court Approval of Professional Compensation and Expenses Required:

The Court must approve all professional compensation and expenses. Each professional person requesting compensation in the case pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code shall file an application for allowance of final compensation and reimbursement of expenses not later than thirty (30) days after the Effective Date. Nothing herein shall prohibit each professional person from requesting interim compensation during the course of this case pending Confirmation of this Plan. No motion or application is required to fix fees payable to the Clerk's Office or the Office of the United States Trustee, as those fees are determined by statute.

  **2. Priority Tax Claims**

Priority Tax claims are certain unsecured income, employment and other taxes described by Code section 507(a)(8). The Code requires, and thus this Plan provides, that each holder of such a 507(a)(8) priority tax claim receives the present value of such claim in deferred cash payments, over a period not exceeding five (5) years from the date of the commencement of the bankruptcy case. The State of New Jersey has filed a proof of claim in the estimated amount of $2,500 on account of an unfiled return for 2022, which it asserts is entitled to priority. To the extent allowed, this claim will be paid in full on the Effective Date.

 **D. Classified Claims**

  **1. Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate. The following represent all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | AMOUNT | TREATMENT |
|---|---|---|---|---|---|
| 1 | Pine Valley One Real Estate, LLC (Tax Sale Certificate) | No | No | $185,036.87 | This Claim, including interest thereon since the Petition Date, shall be paid in full on the Effective Date. |
| 2 | HOF I Grantor Trust 5 (First Mortgage on Property) | No | Yes | $1,142,172.65 | The portion of this Claim constituting arrearages on the mortgage, in the amount of $207,058.40 through June 30, 2025, will be paid in full on the Effective Date. The mortgage and related loan documents securing this claim will be deemed reinstated on the Effective Date, and be deemed modified by this Plan so that, among other things, the principal amount of the claim will be fixed at $942,000 (the "Principal"). The Debtor shall make monthly interest only payments on the Principal on the first day of the month, at the rate of 8.25%, with a balloon payment on the 1-year anniversary of the Effective Date of all outstanding amounts owing under the HOF I Grantor Trust 5 loan documents, which loan documents shall remain in full force and effect, as modified by this Plan. Notwithstanding the |

9

| | | | | | foregoing, in the event the Debtor defaults on its obligations respecting this claim, which default remains uncured for 5 days following receipt of written notice of such default, interest on the Principal shall accrue interest at the default rate set forth in the mortgage loan documents, retroactive to the Effective Date. On the Effective Date, the Debtor's license to use rents from the Property shall be deemed reinstated, and HOF I Grantor Trust 5 shall notify tenants at the Property to make all rent payments directly to the Reorganized Debtor. |

      **2.**     **Priority Non-Tax Claims**

Certain priority non-tax claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are entitled to priority treatment. The Debtor does not believe there are any such claims in this case.

10

3. **Class of General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). These claims are to be treated as follows:

| CLASS # | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 3 | General unsecured claims<br>Total amount of claims –<br><br>Approximately $60,000*<br><br>* This amount is still being determined in light of the fact that certain claims are subject to objection and reclassification. *All affiliates of the Debtor and other entities controlled by Thomas Caleca, shall be deemed to have waived any and all claims they have against the Debtor.* | No*<br><br>*any insider claims will not be included in assessing acceptance by class | Yes | Commencing January 1, 2026, claimants in this Class shall receive a *pro rata* portion of twenty (20) consecutive quarterly distributions (or fewer if paid in full, without interest) each in the amount of $3,000, totaling approximately $60,000 over the life of this Plan. |

4. **Class of Contingent Claims for Return of Tenant Security Deposits**

Three of the Debtor's tenants hold contingent claims for return of a security deposit. Such claims are to be treated as follows:

| CLASS # | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 4 | Tenant Claims for Return of Security Deposits | No | No | These contingent claims will be paid in full in the ordinary course, as and when they may come due. Notwithstanding anything to the contrary contained herein, this Plan shall not alter the legal, equitable or contractual rights of holders of Claims in this Class, and such claims shall not be discharged nor enjoined. |

11

5. **Class(es) of Interest Holders**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. The following chart identifies the Plan's treatment of interest holders:

| CLASS # | DESCRIPTION | | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 4 | PL MM ROC LLC and GELFUND 1, 115 EAST ORANGE LP | | No | Interest holders in this Class shall retain their interests following Confirmation |

E. **Acceptance or Rejection of Plan**

Each impaired class of Creditors with claims against a Debtor's estate shall be entitled to vote separately to accept or reject the Plan. A class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the allowed Claims of such class that have accepted or rejected the Plan. In the event that any impaired class of Creditors or Interest holders shall fail to accept the Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Proponent reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

F. **Means of Effectuating the Plan**

1. **Initial Funding**

The Plan will be effectuated by an infusion of cash from the one or more entities owned by Thomas Caleca, who is the sole member of the Debtor's managing member, in such amount(s) necessary to treat secured claims as provided above.

### 2. Continued Operations

Following the initial funding at the Effective Date, the Debtor shall perform under its reinstated mortgage loan documents, as amended hereby, and service the debt thereunder and under this Plan, from the proceeds and rents from the Property.

### 3. Disbursing Agent

The Reorganized Debtor ("Disbursing Agent") shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The Disbursing Agent shall serve without bond and shall receive no remuneration for distribution services rendered and expenses incurred pursuant to the Plan.

## III. TREATMENT OF MISCELLANEOUS ITEMS

### A. Executory Contracts and Unexpired Leases

On the Effective Date, all Executory Contracts and Unexpired Leases not assumed shall be deemed to be rejected; provided, however, that any operating agreement of the Debtor shall be deemed assumed.

The Order confirming the Plan shall constitute an Order approving the assumption and rejection, respectively of any and all the leases or contracts described above. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not filed within thirty (30) days after entry of the Confirmation Order.

### B. Changes in Rates Subject to Regulatory Commission Approval

This Debtor is not subject to governmental regulatory commission of approval of its rates.

13

## C. Retention of Jurisdiction

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, to make such orders as are necessary or appropriate to carry out the provisions of this Plan, and with respect to the following matters:

(a) To enable the Plan Proponent to consummate the Plan and to resolve any disputes arising therefrom;

(b) To adjudicate all controversies concerning the classification, estimation or allowance of any Claim herein;

(c) To make such Orders as are necessary or appropriate to implement the provisions of this Plan;

(d) To determine the classification, estimation and priority of all claims against the Debtor and to re-examine any Claims which may have been allowed;

(e) To determine applications for the rejection or assumption of executory contracts or unexpired leases pursuant to the provisions of this Plan which are not determined prior to the Confirmation date and to determine allowance of Claims for damages with respect to rejection of any such executory contracts or unexpired leases within such time as the Court may direct;

(f) To oversee and issue further appropriate orders respecting disbursement of amounts deposited as may be required by this Plan;

(g) To conduct hearings on valuation, as necessary, and to determine whether any party in interest is entitled to recover against any Person any Claim, whether arising under section 506(c) of the Bankruptcy Code, or arising out of a voidable preference, a fraudulent transfer, or otherwise;

(h) To hear and determine all applications for compensation and other Administrative Expenses;

(i) To hear and determine any and all pending adversary proceedings or contested matters.

(j) To determine all causes of action which may exist in favor of the Debtor;

(k) To determine any modification of the Plan after confirmation pursuant to section 1127 of the Code;

(l) To enter any order, including injunctions, necessary to establish and enforce the rights and powers of the Debtor under the Plan; and

(m) To enter a final decree pursuant to Rule 3022 of the Bankruptcy Rules.

(n) To hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan;

(o) To hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of Bankruptcy Court in the Chapter 11 Case entered on or before the Confirmation Date;

(p) To make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, or enforcing the provisions thereof.

In addition, this Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtor or the Liquidating Debtor elects to bring an action or proceeding in any other forum, then this section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

**D.    Procedures for Resolving Contested Claims**

Objections to Claims, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the Liquidating Debtor or any party in interest up to and including sixty (60) days following entry of the Confirmation Order. With respect to disputed Claims, the Disbursing Agent will hold in a separate interest bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim, as listed either in the Debtor's schedules or the filed proof(s) of claim.

15

E.  **Notices under the Plan**

All notices, requests or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the Proponent, addressed to:

> Douglas J. McGill, Esq.
> Webber McGill LLC
> 100 E. Hanover Avenue, Suite 401
> Cedar Knolls, New Jersey 07927

V.  **EFFECT OF CONFIRMATION OF PLAN**

A.  **Binding Effect/Retention of Equity Interests**

The provisions of this Plan shall be binding upon Debtor and all Creditors, regardless of whether such Claims are impaired or whether such parties accept this Plan, upon Confirmation thereof. Confirmation of the Plan shall not extinguish the equity interests in the Debtor, which interests shall be retained post-confirmation.

B.  **Discharge**

Upon confirmation of the Plan, Debtor shall be discharged of liability for payment of debts incurred before Confirmation, to the extent specified in section 1141 of the Bankruptcy Code; provided, however, that Claims for return of tenant security deposits shall not be discharged. Nor shall any liability imposed by the Plan be discharged. If Confirmation of this Plan does not occur, the Plan shall be deemed null and void. In such event, nothing contained in this Plan shall be deemed to constitute a waiver or release of any claims against the Debtor or its estate or any other persons, or to prejudice in any manner the rights of the Debtor or its estate or any person in any further proceeding involving the Debtor or its estate. The provisions of this Plan shall be binding upon Debtor, all Creditors and all Equity Interest Holders, regardless of whether such Claims or

16

Equity Interest Holders are impaired or whether such parties accept this Plan, upon Confirmation thereof.

C.   **Release of Claims**

Except as otherwise expressly provided for in this Plan, the distributions and rights afforded in the Plan shall be complete and full satisfaction and release, effective as of the Effective Date, of all Claims against the Debtor or any of its assets or properties of any nature whatsoever.

D.   **Revesting of Property in the Debtor**

Except as provided in Section V.E. hereinafter, and except as provided elsewhere in the Plan, Confirmation shall revest all of the property of the estate in the Debtor.

E.   **Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before Confirmation. The Proponent may also seek to modify the Plan at any time after Confirmation so long as (1) the Plan has not been substantially consummated <u>and</u> (2) the Court authorizes the proposed modification after notice and a hearing.

F.   **Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing under the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from the stay was not previously granted by the Court during this case.

G.  **Post-Confirmation Quarterly Fees**

Quarterly fees pursuant to 28 U.S.C. Section 1930(a)(6) continue to be payable to the Office of the United States Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

> 298 WILLIAM EO LLC
>
> By: PL MM ROC LLC, Managing Member
>
> By: *Thomas J. Caleca*
> Thomas J. Caleca (Jul 25, 2025 13:00:48 EDT)
> Thomas J. Caleca, Sole Member

Dated:  May 20, 2025

18